UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ANTHONY D. DAVIS,
              *Plaintiff-Appellant,*

v.

CITY OF JACKSONVILLE,
              *Defendant-Appellee.*

No. 01-2230

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, Senior District Judge.
(CA-99-236-7-F)

Submitted: April 18, 2002

Decided: April 29, 2002

Before MOTZ, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

### COUNSEL

Jeffrey S. Miller, Jacksonville, North Carolina, for Appellant. Gregory W. Brown, CRANFILL, SUMNER & HARTZOG, L.L.P., Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony D. Davis appeals from the district court's order granting summary judgment in favor of his employer, the City of Jacksonville (the "City"), and dismissing his employment discrimination action. Specifically, Davis alleged race discrimination based upon the City's failure to create a light duty position for him while he awaited determination of permanent disability relative to his mental illness. He alleged, *inter alia*, that in 1997, the City created light duty positions for two white firefighters awaiting retirement.

Our review of the record and the district court's opinion discloses that this appeal is without merit. We agree with the district court that Davis failed to offer any evidence that the firefighters he named were similarly situated to Davis. The sole evidence Davis has provided in this record as to those firefighters is that they were given unadvertised light duty jobs while awaiting retirement and that they were white. Davis admitted in deposition that he suffers from chronic depression, schizophrenia, psychosis, and chemical and alcohol dependency. He admitted that his drug and alcohol abuse materially affected his life and employment with the City, and he attested that he continues to suffer from these afflictions and conditions, that he has not recovered, and that he cannot work. Davis could not deny that the City did not have a light duty position available for him. Finally, Davis conceded that he did not specifically request a light duty job from the City, and he was unsure he could have performed a light duty position had one been available.

Given this evidence, coupled with the lack of evidence as to the terms, conditions, circumstances, and medical status of the two firefighters Davis relies upon, we cannot say that the district court's finding of non-discrimination was clearly erroneous. *Anderson v. City of Bessemer*, 470 U.S. 564, 574 (1985). We therefore affirm the district court's grant of summary judgment in favor of the City. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*